## UNITED STATES v. LIBERTY BAKING CORPORATION.

District Court, S. D. New York.

Oct. 20, 1938.

Lamar Hardy, U. S. Atty., of New York City (William L. Lynch, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Olvany, Eisner & Donnelly, of New York City (Ferdinand Tannenbaum and Charles Kaufman, both of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The action is one to recover $4,331.65 paid to the defendant in refund of income tax for the year 1929. A jury was waived.

For 1929 the defendant filed a consolidated return for a group of companies said

to be affiliated. One of the companies in the group was Tolley Cake Corporation. The Tolley company had outstanding 1,000 shares of common stock, all owned by the defendant, and 5,160 shares of preferred stock, none owned by the defendant or by any other company in the group. The return included in the computation of income an operating loss of $39,963.82 of the Tolley company. Later the defendant filed claim for refund, showing that in March 1929 it had sold at a loss all the Tolley stock owned by it. The commissioner ruled that the Tolley company was not affiliated with the defendant; consequently he allowed the loss on sale of the stock, refused to allow the Tolley operating loss and on readjustment of the tax refunded to the defendant the sum of $4,331.65. The present action is brought to recover the amount refunded, the government taking the position that the commissioner was in error in his ruling of non-affiliation, that in fact the defendant and the Tolley company were affiliated within the meaning of the Revenue Act of 1928, 45 Stat. 791. The sole question is whether the two companies were so affiliated.

As already mentioned, the defendant owned the entire 1,000 shares of common stock of the Tolley company, but none of the 5,160 shares of preferred. The preferred stock was entitled to 7 percent dividends per annum prior to any dividends on the common; on any further distribution of profits, one-half was to be distributed to the holders of preferred stock and one-half to the holders of common. The preferred stock had no vote, except that if 7 percent dividends were not paid during any twelve months after January 1, 1929, the preferred was then entitled to vote. In the year 1929 the Tolley company had no profits and paid no dividends.

"(d) *Definition of 'Affiliated Group'.* As used in this section an 'affiliated group' means one or more chains of corporations connected through stock ownership with a common parent corporation if—(1) at least 95 per centum of the stock of each of the corporations (except the common parent corporation) is owned directly by one or more of the other corporations; and (2) the common parent corporation owns directly at least 95 per centum of the stock of at least one of the other corporations. As used in this subsection the term 'stock' does not include nonvoting stock which is limited and preferred as to dividends."

Revenue Act of 1928, § 141, 26 U.S.C A. § 141.

Was the preferred stock of the Tolley company "non-voting stock which is limited and preferred as to dividends?" It was non-voting in 1929. It was preferred as to the 7 percent dividend, though not as to further dividends. It was not limited as to dividends, for after receipt of the initial dividend of 7 percent it had the right to participate with the common in all dividends without fixed limit as to amount. Preferred stock of the conventional type is "limited and preferred as to dividends", being entitled to a specified dividend in priority to any dividend on common but to nothing more in the way of dividends. Niles v. Ludlow Valve Mfg. Co., 2 Cir., 202 F. 141. It is stock with a "preferred but limited right to dividends and profits." Equitable Life Assurance Society v. Union Pacific R. Co., 212 N.Y. 360, 366, 106 N.E. 92, 93, L.R.A.1915D, 1052. But the preferred stock in question was of the kind known as participating preferred stock, entitled not merely to receive the fixed preferred dividend in priority to common stock but also to share on a parity with common in any further distribution of earnings. Fletcher on Corporations, section 8904. This preferred stock was therefore not "limited and preferred as to dividends" and was not to be excluded in determining affiliation. With the preferred stock taken into account, the defendant owned less than 95 per cent of the Tolley stock, and the two companies were not "affiliated".

The government argues that the preferred stock was "limited" as to dividends in 1929 because it so happened that in 1929 there were not corporate earnings and no payments of dividends. If the argument were accepted, it would do the government no good; by the same reasoning the stock was not "preferred as to dividends" in 1929, no preferred dividend having been in fact paid in that year. But the argument cannot be accepted. In the clause under discussion Congress was describing a kind of stock. The words "limited and preferred as to dividends" refer to the rights appurtenant to the stock as contrasted to ordinary or common stock; their meaning or application does not fluctuate from year to year according to whether dividends happen to be paid. Stock which is not limited to a fixed dividend in the corporate charter does not become limited

on the passing of a dividend. Of course, the receipt of a dividend is conditioned on the presence of a corporate surplus and on declaration of dividend by the board of directors, but these are conditions adhering to common stock as well as to preferred. No one would say that the failure to declare a dividend in a particular year rendered common stock "limited" as to dividends in that year. Erie Lighting Co. v. Commissioner, 1 Cir., 93 F.2d 883, seems to be an authority for the government's position, but I am unable to follow that case.

The commissioner was right in his initial ruling that there was no affiliation between the defendant and the Tolley company and in refunding to the defendant the amount now sued for. There will be judgment dismissing the complaint. The defendant will submit findings and conclusions.